NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEH KURAIEV, | No. 20-70137 |
| Petitioner, | Agency No. A215-879-382 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 7, 2021
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,** District Judge.

Oleh Kuraiev petitions this court for review of his order of removal to

Ukraine. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in

part, deny it in part, and remand the matter for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

The government initiated removal proceedings against Kuraiev in December 2018. He subsequently submitted an I-589 Application, seeking asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), alleging persecution based on his political opinion, religion, nationality, and membership in a particular social group.[1] The immigration judge ("IJ") held a hearing, during which Kuraiev was the only witness, and received documentary evidence from the government and Kuraiev.

The IJ found that Kuraiev was not credible, and the IJ found that, in light of the adverse credibility determination, Kuraiev failed to establish past persecution. Although it was possible to establish a well-founded fear in spite of the adverse credibility determination, the IJ ruled that Kuraiev failed to do so, and concluded that Kuraiev was not eligible for asylum. The IJ also concluded that Kuraiev failed to carry his burden of proof as to withholding of removal and failed to establish that he was eligible for CAT relief. The Board of Immigration Appeals ("BIA") dismissed Kuraiev's appeal, ruling that the IJ's adverse credibility determination was proper and that the denial of Kuraiev's requests for asylum and withholding of removal based on past persecution was correct. The BIA concluded that all other issues were waived on appeal.

---

[1] Kuraiev's nationality argument and his particular social group argument are both based on his identity as a Cossack.

In his petition to this court, Kuraiev argues that: 1) the IJ's adverse credibility determination was not supported by substantial evidence because the IJ failed to question him about all of the perceived inconsistences and omissions that the adverse credibility determination was based upon; and 2) the BIA's waiver rulings were erroneous because the improper adverse credibility determination affected the analysis of each of Kuraiev's requests for relief. We review an adverse credibility determination for substantial evidence, and, in doing so, we consider the reasons cited in the BIA's decision, as well as the reasons in the IJ's decision that support the reasons cited by the BIA. Mukulumbutu v. Barr, 977 F.3d 924, 925 (9th Cir. 2020). The BIA's ruling that an issue was waived or forfeited is a conclusion of law that is reviewed de novo. See Alanniz v. Barr, 924 F.3d 1061, 1068–69 (9th Cir. 2019).

Inconsistencies between an applicant's statements and other evidence in the record are among the factors relevant to "the totality of the circumstances" analysis of the applicant's credibility. Iman v. Barr, 972 F.3d 1058, 1064–65 (9th Cir. 2020) (some citations omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The BIA addressed various inconsistencies cited by the IJ regarding: an alleged May 9, 2017 raid by Ukrainian nationalists on the room that Kuraiev was renting in Zaporozhye, Ukraine; and Kuraiev's alleged May 24, 2018 eviction from his rental unit in Kiev, Ukraine. Both the BIA and the IJ cited the fact that neither the 2017 Zaporozhye

room nor the Kiev room was listed among Kuraiev's prior residences on his I-589 Application. Kuraiev was not questioned about this omission from his application. Further, although the IJ acknowledged that Kuraiev rented the Zaporozhye room in an attempt to establish residency in the Ukrainian mainland and that Kuraiev did not travel to the mainland often, neither the BIA nor the IJ addressed whether this explained Kuraiev's failure to include the room on his list of prior residences.

The BIA and the IJ also found that the statement by Kuraiev's neighbor about the alleged May 9, 2017 raid was inconsistent with Kuraiev's testimony because the statement did not support Kuraiev's testimony about the extent of the damage to his room or that he was afraid to return there immediately after the raid. Kuraiev testified about his neighbor, but he was not questioned about the neighbor's written statement, which included specific phrases – "opened the room" and "closed the room" – which were construed by the BIA and the IJ as indicating that the raid was nonviolent and did not result in much damage to the room. The BIA and the IJ also rejected Kuraiev's explanation that he was too afraid to return to the unit immediately, reasoning that, if Kuraiev had safety concerns, Kuraiev could have asked his neighbor for assistance, but there was no indication that he did so. However, Kuraiev was not questioned about whether he made such a request or why he did not do so. The IJ's interpretation of statements like "opened the room" and the IJ's and the BIA's assumption that Kuraiev could have asked his

4

neighbor to assess any damage to the room were improper speculation. See Zhi v. Holder, 751 F.3d 1088, 1093 (9th Cir. 2014) (stating speculation and conjecture cannot support an adverse credibility finding).

Because the IJ failed to solicit sufficient explanations regarding the foregoing areas of inconsistency, and because the BIA and the IJ failed to address testimony that may have provided a plausible explanation for Kuraiev's failure to list the Zaporozhye room as a residence in 2017, the adverse credibility determination was not supported by substantial evidence. See id. at 1092–93. We therefore hold that the BIA and the IJ erred in their adverse credibility determinations.[2]

This holding, however, does not affect the following alternate rulings by the IJ: 1) Kuraiev failed to establish a well-founded fear of future political persecution

---

[2] Although the Zaporozhye raid and the Kiev eviction were the only specific areas of inconsistency mentioned in the BIA's decision, the BIA also stated there were "many . . . inconsistencies" that "were direct inconsistencies between [Kuraiev]'s hearing testimony and various record documents, including his Form I-589 and supporting letters." These statements suggest that the BIA relied upon other areas of inconsistency that were not specifically mentioned in the BIA's decision. Some of the other areas of inconsistency identified by the IJ include: statements that Kuraiev made during a December 17, 2018 interview with Customs and Border Protection officers; and the document that Kuraiev submitted that purportedly certified his membership in the Crimea referendum election commission. We note that Kuraiev was not questioned about either the interview or the membership certification. However, because it is not clear whether the BIA relied upon these perceived inconsistencies, our analysis of Kuraiev's petition does not rely upon them.

based solely upon documentary evidence of country conditions; 2) even if Kuraiev's testimony about religious persecution were credited, he established a well-founded fear of religious persecution only in Crimea, so if he could not establish a well-founded fear of political persecution or persecution based on his Cossack nationality in Ukraine, then relocation within areas of Ukraine other than Crimea would be possible; and 3) even if his testimony was credited, he did not establish either past persecution or a well-founded fear of future persecution on account of his Cossack identity. The BIA did not err when it concluded that Kuraiev waived any challenge to these rulings. However, we hold that the BIA erred when it concluded that Kuraiev waived any challenge to the denial of his request for CAT relief, because the IJ's ruling as to that request was based upon the adverse credibility finding.

We grant Kuraiev's petition as to his applications for asylum and withholding of removal based on past persecution for his political opinion, as well as his application for CAT relief, and we remand for further proceedings consistent with this memorandum. We deny Kuraiev's petition in all other respects.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**